EDWARDS, Judge.
Plaintiff, Dwight R. Walton, was injured on May 31, 1977, when the automobile he was driving collided with a van driven by Paul M. Teeney and owned by Teeney’s employer, William Wolf Baking Company, Inc. The accident occurred because Teeney negligently drove his vehicle directly into the path of Walton’s car.
Walton brought suit against Teeney, William Wolf Baking Company, Inc., and Liberty Mutual Insurance Company. Teeney was never served.
Following trial, judgment was signed in plaintiff’s favor and against William Wolf *963 Banking Company and Liberty Mutual Insurance Company awarding damages as follows:
Pain and Suffering $ 75,000.00
Medical Expenses 16,571.93
Past Lost Wages 56,084.00
Future Lost Wages 164,917.67
Future Medical Expenses 5,000.00
Total $ 317,573.60
Plaintiff was also awarded interest and all costs, including $650 in expert witness fees. Liberty Mutual’s liability was limited to its contractual obligation, $250,000 plus the applicable interest.
Defendants appeal suspensively specifying that the trial court erred in:
1) holding that the plaintiff would never be able to engage in any gainful employment,
2) making awards for loss of past and future earnings,
3) awarding $5,000 for future medical expenses, and
4) awarding $75,000 for pain and suffering.
The trial court found that plaintiff initially suffered from a moderate to severe cervical strain, moderate to severe cervical spondylosis, and degenerative cervical changes. In addition, plaintiff developed a depressive reactive neurosis secondary to a pain syndrome.
Appellants make a strong argument that, from a purely physical standpoint, Walton could return to work and that, failing to do so, he is a malingerer. This argument is buttressed by one of twelve surveillance films which shows the plaintiff vigorously mowing his lawn.
Appellants further urge that damages based on psychological grounds should be scrutinized most carefully. We agree, Jackson v. United States Fidelity & Guaranty Company, 382 So.2d 223 (La.App. 3rd Cir. 1980), writs denied 385 So.2d 275 (La. 1980); Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970), writ refused 256 La. 894, 240 So.2d 231 (La.1970), but note that, as held by the court in Jackson, the danger of denying recovery to a deserving claimant must be guarded against with equal enthusiasm.
The gravamen of plaintiff’s case, that he was physically and mentally unfit for future work, was supported by the generally concurring testimony of medical experts, in particular Drs. Morse and Edisen. Dr. Ce-nac’s testimony, partially changed as a result of seeing the surveillance films, is consonant with a finding that, while Walton’s condition had improved from an orthopaedic standpoint, he was still suffering from psychiatric disabilities. Plaintiff also established that, before the accident, he had been a reliable employee with a good work record.
Pitted against these established facts are the surveillance films and the somewhat contradictory medical testimony, all of which was considered by the trial court and found to preponderate in plaintiff’s favor. To reverse this case, we would have to find, essentially, that the surveillance films clearly outweighed the evidence in plaintiff’s favor. This we cannot do. We sit as a court of review and the present case may only be reviewed, not retried.
Bound as we are by the limiting rules of review, we cannot say that the trial court’s finding of permanent and total disability was “clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Nor, despite finding the award made to be quite high, are we able to articulate sufficient reasons, as required by the Supreme Court, to find the award made “a clear abuse” of the trial court’s discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by William Wolf Baking Company, Inc., and Liberty Mutual Insurance Company.
AFFIRMED.
PONDER, J., dissents and assigns reasons.