EDWARDS, Judge,
concurring.
The dissenting opinion in this case illustrates, once again, the difficult position in which intermediate appellate courts find themselves when called on to review quantum awards.
In Walton v. William Wolf Baking Company, Inc., 396 So.2d 962 (La.App. 1st Cir. 1981), this same panel of judges affirmed a judgment for $317,573.60. Today we affirm a judgment for $14,000.00. In both cases the affirmance was by a divided panel with Judge Ponder dissenting — in Walton because he found the award too high and today because he finds it too low.
In both cases I have had grave doubts as to the result’s correctness. I, too, believed the award in Walton to be excessive and the award today to be insufficient.
Given the reality of fact review and the presumed supremacy of constitutional provisions over codal authority, I see no reason why a higher court should not be free to change the result of a lower court judgment without having to provide detailed justification. This argument was set forth in scholarly fashion by Judge Beer in Gaudet v. Allstate Insurance Company, 346 So.2d 333 (La.App. 4th Cir. 1977), writ denied 350 So.2d 892 (1977).
Nevertheless, because Reck v. Stevens, 373 So.2d 498 (La. 1979), and Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977), dictate otherwise and because I was, and am, unable to articulate sufficient reasons to justify changing the judgments below, I concur.